United States District Court

Eastern District of California

Teodoro Severiano Alcaraz,

      Petitioner,                                No. Civ. S 05-1597 LKK PAN P

  vs.                                          Order

S. Ryan, Warden,

      Respondent.

-oOo-

    Petitioner requests appointment of counsel on the grounds he is indigent and lacks legal training and the law is complex.

    There is no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, whenever the court determines the interests of justice so require, representation may be provided for any financially eligible person who is seeking relief under section 18 U.S.C. § 2254.  18 U.S.C. § 3006A(a)(2)(B).  Unless an evidentiary hearing is necessary, the decision to appoint counsel

1 is discretionary.  <u>Bashor v. Risley</u>, 730 F.2d 1228, 1234 (9th
2 Cir.), *cert. denied*, 469 U.S. 838 (1984); Rule 8(c), Rules
3 Governing § 2254 Cases.

4     In deciding whether to appoint counsel the court exercises
5 discretion governed by a number of factors, including the
6 likelihood of success on the merits and the applicant's ability
7 to present his claims in light of their complexity.  <u>Weygandt v.
8 Look</u>, 718 F.2d 952, 954 (9th Cir. 1983); <u>see</u> <u>also</u>, <u>LaMere v.
9 Risley</u>, 827 F.2d 622, 626 (9th Cir. 1987).  Ordinarily the
10 presumption of regularity in the state's procedures for confining
11 prisoners suggests a lack of likely success and counsels against
12 appointment of counsel.  <u>See</u> <u>Maclin v. Freake</u>, 650 F.2d 885, 887
13 (7th Cir. 1981).  As a general rule, the court will not appoint
14 counsel unless the applicant shows his claim has merit in fact
15 and law.  <u>Id.</u>  Even if the applicant overcomes this hurdle, the
16 court will not appoint counsel if the law is settled and the
17 material facts are within the petitioner's possession, viz., they
18 do not require investigation outside the prison walls.  <u>Id.</u> at
19 887-88.

20     Here, petitioner alleges his constitutional rights were
21 violated in connection with his conviction.  The law governing
22 these issues is settled.  Neither factual development nor legal
23 insight are required because these proceedings are limited to
24 claims that already were identified and presented to the
25 California Supreme Court.  There is, on the record before the
26 court, no reason to believe appointment of counsel would be of

1 significant benefit.
2     Petitioner's August 11, 2005, request for the appointment of
3 counsel therefore is denied.
4     So ordered.
5     Dated:  November 1, 2005.

                                    /s/ Peter A. Nowinski
                                    PETER A. NOWINSKI
                                    Magistrate Judge