IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TEODORO SEVERIANO ALCARAZ,

    Petitioner,                      No. CIV S-05-1597 LKK PAN P

    vs.

G. J. GIURBINO, Warden,[1]         <u>ORDER AND</u>

    Respondent.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2000 conviction on multiple state law criminal charges, claiming violation of his constitutional rights by (1) admission of "fundamentally unfair expert witness testimony;" (2) prosecutorial misconduct; (3) ineffective assistance of counsel; and (4) cumulative errors rising to the level of a violation of due process. This matter is before the court on respondent's motion to dismiss this action as barred by the statute of limitations.

/////

---

[1] On September 14, 2005, petitioner filed a motion to substitute the acting warden of Calipatria State Prison (Calipatria), G. J. Giurbino, as respondent in this action in place of S. Ryan, the former warden of Calipatria. Good cause appearing, petitioner's motion will be granted.

1

Section 2244(d)(1) of Title 28 of the United States Code provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The one-year statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the final collateral challenges. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Inmates whose convictions became final before AEDPA took effect have one year from the enactment date -- or until April 23, 1997 -- to file a federal habeas petition. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1287 (9th Cir. 1997) (rejecting retroactive application of AEDPA's one-year statute of limitations), cert denied, 118 S.Ct. 988 (1998), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998).

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. Petitioner was convicted in San Joaquin County Superior Court on December 29, 2000 and sentenced on March 26, 2001 to 21 years to life in prison. The judgment of conviction was filed in the superior court on April 3, 2001. (Document 1, lodged Oct. 6, 2005.)[2]

2. On August 27, 2002, petitioner's conviction was affirmed on direct appeal by the California Court of Appeal for the Third Appellate District. (Document .)

3. On September 20, 2002, the California Court of Appeal for the Third Appellate District denied petitioner's request for rehearing. (Documents 3 and 4.)

4. On November 13, 2002, the California Supreme Court denied petitioner's petition for review. Petitioner's conviction became final ninety days thereafter. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

5. On November 8, 2003, petitioner filed his first state habeas petition in the San Joaquin County Superior Court.[3] (Document 7.) The petition was denied on December 17, 2003. (Document 8.)

5. On January 29, 2004[4], petitioner filed a petition for writ of habeas corpus with the California Court of Appeal for the Third Appellate District. (Document 9.) That petitioner was denied on March 4, 2004. (Document 10.)

6. On March 13, 2004[5], petitioner filed a petition for writ of habeas corpus with the California Supreme Court. (Document 11.) That petition was denied on February 2, 2005.

---

[2] Unless otherwise noted, all documents referred to in this section were lodged with this court by respondent on October 6, 2005.)

[3] The date on which petitioner delivered the state habeas petition to prison officials for mailing to the superior court is deemed the filing date of said petition. See Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001). The state petition has several certificates of service appended thereto, on all of petitioner avers that the petition was mailed on November 8, 2003 to several places, including the San Joaquin County Superior Court. That date is therefore the filing date for purposes of this statute of limitations analysis.

[4] See footnote 3, supra.

[5] See footnote 3, supra.

1        6. Petitioner filed the instant action on August 5, 2005.[6]

2        Petitioner's conviction became final on February 11, 2003, ninety days after the California Supreme Court denied his petition for review. The one-year statute of limitations began to run against petitioner the next day and continued running for 269 days until November 8, 2003, when petitioner filed his first state habeas petition. The limitation period was then tolled until February 2, 2005, the date on which the California Supreme Court denied the habeas corpus petition filed by petitioner in that court. The instant action was filed on August 5, 2005, 184 days after the California Supreme Court denied petitioner's state petition. When the period of statutory tolling commenced on November 8, 2003, only 96 days remained in the limitation period. The instant action is therefore time-barred.

       In his response to the motion, petitioner does not dispute that his petition is untimely. He requests either disposition of his case on the merits notwithstanding the time bar, or a dismissal without prejudice so that he can pursue further remedies in state court. There is no basis in the record for relieving petitioner from the bar of the statute of limitations and this court is therefore without authority to consider the merits of petitioner's claims. For the reasons set forth in these findings and recommendations, this action must be dismissed as barred by the statute of limitations. This court offers no opinion on the effect, if any, of such a dismissal on any subsequent state court action filed by petitioner to challenge his conviction.

       In accordance with the above, IT IS HEREBY ORDERED that:

       1. Petitioner's September 14, 2005 motion to substitute respondents is granted;

       2. G. J. Giurbino is substituted as respondent in place of S. Ryan; and

       IT IS HEREBY RECOMMENDED that:

       1. Respondent's October 5, 2005 motion to dismiss be granted; and

---

[6] The certificate of service appended to the petition filed in this action is dated August 5, 2005. That date is therefore the filing date for purposes of this statute of limitations analysis. See Houston v. Lack, 487 U.S. 266 (1988).

1    2. This action be dismissed as barred by the statute of limitations.

2    These findings and recommendations are submitted to the United States District
3    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
4    days after being served with these findings and recommendations, any party may file written
5    objections with the court and serve a copy on all parties.  Such a document should be captioned
6    "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised
7    that failure to file objections within the specified time may waive the right to appeal the District
8    Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
9    DATED: May 4, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

12
alca1597.157

5