IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TEODORO SEVERIANO ALCARAZ,

    Petitioner,                    No. CIV S-05-1597 LKK PAN P

    vs.

G. J. GIURBINO, Warden,         <u>ORDER AND</u>

    Respondent.            <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2000 conviction on multiple state law criminal charges, claiming violation of his constitutional rights by (1) admission of "fundamentally unfair expert witness testimony;" (2) prosecutorial misconduct; (3) ineffective assistance of counsel; and (4) cumulative errors rising to the level of a violation of due process.

        On October 5, 2005, respondent moved to dismiss this action as barred by the statute of limitations. On May 5, 2006, this court issued findings and recommendations recommending that the motion be granted. Thereafter, petitioner filed objections to the findings and recommendations in which he raised for the first time a claim of entitlement to equitable tolling of the limitation period. By order filed June 13, 2006, respondent was given a period of fifteen days in which to respond to petitioner's objections, and petitioner was given a period of

1 ten days thereafter in which to file a reply brief.  The parties have now filed their respective
2 briefs in accordance with the June 13, 2006 order.  Good cause appearing, the May 5, 2006
3 findings and recommendations will be vacated and the court will herein make new findings and
4 recommendations for the disposition of respondent's motion.
5         Section 2244(d)(1) of Title 28 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The one-year statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the final collateral challenges. <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).  Inmates whose convictions became final before AEDPA took effect have one year from the enactment date -- or until April 23, 1997 -- to file a federal habeas petition. See <u>Calderon v. United States District Court (Beeler)</u>, 128 F.3d 1283, 1287 (9th Cir. 1997) (rejecting retroactive application of AEDPA's one-year statute of

1  limitations), cert denied, 118 S.Ct. 988 (1998), overruled in part on other grounds by Calderon v.
2  United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998).
3        The one-year limitation period "can be subject to equitable tolling" on an
4  appropriate showing. Roy v. Lampert, 455 F.3d 945, 950 (9th Cir. 2006) (citing (Beeler) at
5  1288). "Equitable tolling is applicable only 'if extraordinary circumstances beyond a prisoner's
6  control make it impossible to file a petition on time.' Beeler, 128 F.3d at 1288(internal quotation
7  marks omitted). These extraordinary circumstances must be 'the cause of [the] untimeliness.'
8  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.2003)." Roy, at 950. Petitioner has the burden of
9  demonstrating an entitlement to equitable tolling. See Espinoza-Matthews v. California, 432
10 F.3d 1021, 1026 (9th Cir. 2005) (quoting Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir.2005)).
11 To meet this burden, petitioner must show that he pursued his "'rights diligently ⋯ [and] that
12 some extraordinary circumstance stood in [his] way.'" Roy, at 950 (quoting Pace v.
13 DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). An inmate's denial
14 of access to his legal materials can, in an appropriate circumstance, support equitable tolling of
15 the limitation period. See Espinoza-Matthews, at 1072; see also Lott v. Mueller, 304 F.3d 918,
16 924 (9th Cir. 2002).
17       For purposes of the statute of limitations analysis, the relevant chronology of this
18 case is as follows:
19       1.  Petitioner was convicted in San Joaquin County Superior Court on December
20 29, 2000 and sentenced on March 26, 2001 to 21 years to life in prison. The judgment of
21 conviction was filed in the superior court on April 3, 2001. (Document 1, lodged Oct. 6, 2005.)[1]
22       2.  On August 27, 2002, petitioner's conviction was affirmed on direct appeal by
23 the California Court of Appeal for the Third Appellate District. (Document 2.)
24 /////

---

[1] Unless otherwise noted, all documents referred to in this section were lodged with this court by respondent on October 6, 2005.)

1    3. On September 20, 2002, the California Court of Appeal for the Third Appellate

2 District denied petitioner's request for rehearing. (Documents 3 and 4.)

3    4. On November 13, 2002, the California Supreme Court denied petitioner's

4 petition for review. Petitioner's conviction became final ninety days thereafter. See Bowen v.

5 Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

6    5. On November 8, 2003, petitioner filed his first state habeas petition in the San

7 Joaquin County Superior Court.[2] (Document 7.) The petition was denied on December 17,

8 2003. (Document 8.)

9    6. On January 29, 2004[3], petitioner filed a petition for writ of habeas corpus with

10 the California Court of Appeal for the Third Appellate District. (Document 9.) That petitioner

11 was denied on March 4, 2004. (Document 10.)

12    7. On March 13, 2004[4], petitioner filed a petition for writ of habeas corpus with

13 the California Supreme Court. (Document 11.) That petition was denied on February 2, 2005.

14    8. In December 2004, all inmates at California State Prison-Calipatria, where

15 petitioner was housed, were placed on lockdown due to an attempted escape. (Declaration of

16 Teodoro S. Alcaraz, filed May 30, 2006, at ¶ 6.) Pursuant to the lockdown order, all inmate

17 property was inspected and excess property confiscated. (Id.) At the time of the lockdown, all of

18 petitioner's legal materials were with another inmate, identified as Brother Bob, who was

19 assisting petitioner with his pursuit of collateral relief from his conviction. (Id. at ¶¶ 5, 7, 8.)

20 /////

---

[2] The date on which petitioner delivered the state habeas petition to prison officials for mailing to the superior court is deemed the filing date of said petition. See Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001). The state petition has several certificates of service appended thereto, on all of petitioner avers that the petition was mailed on November 8, 2003 to several places, including the San Joaquin County Superior Court. That date is therefore the filing date for purposes of this statute of limitations analysis.

[3] See footnote 3, supra.

[4] See footnote 3, supra.

4

Thereafter, petitioner's case file was "misplaced" by prison officials and was not retrieved by petitioner or Brother Bob until June 25, 2005. (Id. at ¶ 9.)

9. Petitioner filed the instant action on August 5, 2005.[5]

Petitioner's conviction became final on February 11, 2003, ninety days after the California Supreme Court denied his petition for review. The one-year statute of limitations began to run against petitioner the next day and continued running for 269 days until November 8, 2003, when petitioner filed his first state habeas petition. At that point, 96 days remained in the limitation period. The limitation period was then tolled until February 2, 2005, the date on which the California Supreme Court denied the habeas corpus petition filed by petitioner in that court. The instant action was filed on August 5, 2005, 184 days after the California Supreme Court denied petitioner's state petition.

Petitioner claims that he is entitled to equitable tolling for the period from February 3, 2005, until June 25, 2005 on the ground that he was without access to his legal property during that period due to the prison lockdown and subsequent misplacement of his legal materials by prison officials. Under the circumstances of this case, the contention has merit.

As noted above, to prevail on his claim of entitlement to equitable tolling, petitioner must show that despite diligent pursuit of his rights, some "extraordinary circumstance stood in the way" of his ability to timely file a federal habeas corpus petition. Here, the claimed extraordinary circumstance is the unavailability of his legal materials, which were confiscated by prison officials from another inmate's cell during a prison lockdown and then misplaced for a period of time. Respondent contends that petitioner is not entitled to equitable tolling because (1) ignorance of the law does not support equitable tolling; (2) reliance on a jailhouse lawyer cannot support equitable tolling; and (3) petitioner has failed to show a "nexus" between the

---

[5] The certificate of service appended to the petition filed in this action is dated August 5, 2005. That date is therefore the filing date for purposes of this statute of limitations analysis. See Houston v. Lack, 487 U.S. 266 (1988).

confiscation of his legal materials from Brother Bob's cell and his inability to timely file the petition. Respondent's contentions are without merit.

Distilled to its essence, petitioner's contention is that he was without access to his legal materials for a period of approximately six months because his legal material was confiscated by prison officials and then misplaced. This contention is fully supported by the evidence before the court and not disputed by respondents. It is also sufficient to support petitioner's claim to equitable tolling. See Espinoza-Matthews, at 1027-28 (deprivation of access to legal materials for 11 months); see also Lott, at 920-21 (deprivation of access to legal materials for 82 days). The fact that petitioner's legal materials were confiscated from the cell of another inmate who was helping petitioner prepare his writ is immaterial under the circumstances of this case. As the United States Court of Appeals for the Ninth Circuit has "recognized, it is 'unrealistic to expect [a habeas petitioner] to prepare and file a meaningful petition on his own within the limitations period' without access to his legal file." Espinoza-Matthews, at 1027 (quoting Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003). Through no fault of his own, petitioner was without access to his legal materials for over four months from the time the California Supreme Court denied his state habeas petition. This interrupted petitioner's otherwise diligent pursuit of collateral relief from his conviction, and he filed the instant action forty-one days after his legal materials were returned to him.

Under all of the circumstances, this court finds petitioner is entitled to equitable tolling of the statute of limitations for a period of 143 days from February 3, 2005 until June 25, 2005. Petitioner used only 41 of the 96 days remaining in the limitation period to prepare and file his federal habeas corpus petition after his legal materials were returned to him. This action, should not be dismissed as time-barred.

In accordance with the above, IT IS HEREBY ORDERED that the findings and recommendations filed May 5, 2006 are vacated; and

/////

IT IS HEREBY RECOMMENDED that:

1. Respondent's October 5, 2005 motion to dismiss be denied;

2. If the first recommendation is adopted, respondent be directed to file an answer within forty-five days from the date of the order denying the motion to dismiss, see Rule 4, Rules Governing Section 2254 Cases, and to include with the answer any and all transcripts or other documents relevant to the determination of the issues presented in the application.  Rule 5, Rules Governing Section 2254 Cases; and

3. Petitioner's traverse, if any, be due on or before thirty days from the date respondents' answer is filed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **ten** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 29, 2006.

UNITED STATES MAGISTRATE JUDGE

12
alca1597.mtd