1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TEODORO SEVERIANO ALCARAZ,

11              Petitioner,                    No. CIV S-05-1597 LKK EFB P

12        vs.

13   G.J. GIURBINO, Warden,

14              Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16         Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas

17   corpus.  *See* 28 U.S.C. § 2254.  This action proceeds on the August 11, 2005 petition, wherein

18   petitioner raises four grounds for relief from his December 29, 2000 conviction in the San

19   Joaquin County Superior Court.[1]  Pet. at 2.  On November 9, 2006, respondent filed an answer to

20   the petition, and on December 15, 2006, petitioner filed a traverse.  Dckt. Nos. 21, 23.  Over

21   two- and-a-half years later, petitioner, on August 20, 2009, filed the instant request that the court

22   stay his petition while he returns to the state courts to exhaust five newly discovered claims.

23   Because petitioner fails to show good cause, the court recommends that petitioner's motion be

24   _____

25         [1] Petitioner claims his constitutional rights were violated by: (1) admission of "unfair
     expert witness testimony;" (2) prosecutorial misconduct; (3) ineffective assistance of counsel;
26   and (4) cumulative errors rising to the level of a due process violation.  Pet. at 5-6.

                                          1

1  denied.

2      A court may stay a petition and hold it in abeyance pursuant to either *Kelly v. Small*, 315

3  F.3d 1063 (9th Cir. 2003) or *Rhines v. Weber*, 544 U.S. 269 (2005).  *King v. Ryan*, 564 F.3d

4  1133, 1135 (9th Cir. 2009).  The procedure varies depending on whether the petition presents

5  fully exhausted claims, or a mix of exhausted and unexhausted claims.  Under *Kelly*, the

6  petitioner amends his petition to delete any unexhausted claims, and the court then stays and

7  holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity

8  to proceed to state court to exhaust the deleted claims.  *Id.* (citing *Kelly*, 315 F.3d at 1070-71).

9  Later, the petitioner amends his petition and adds the newly-exhausted claims to the original

10  petition.  *Id.*  Under *Rhines*, a court may stay a mixed petition, i.e., one containing exhausted and

11  unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts.

12  *Rhines*, 544 U.S. at 277.  Under *Rhines*, "'stay-and-abeyance is only appropriate when the

13  district court determines there was good cause for the petitioner's failure to exhaust his claims

14  first in state court.'"  *Kings*, 564 F.3d at 1139 (quoting *Rhines*, 544 U.S. at 277-78).

15  Furthermore, it is inappropriate to issue a stay under *Rhines* "when the unexhausted claims are

16  'plainly meritless,' or where the petitioner has engaged in 'abusive litigation tactics or

17  intentional delay.'"  *Id.*

18      Petitioner does not expressly indicate whether he requests a stay pursuant to *Kelly* or

19  *Rhines*.  He does argue, however, that good cause exists to justify his failure to exhaust earlier

20  and he requests that the court hold his "amended petition" in abeyance.  Pet'r Mot. to Stay

21  ("Mot.") at 1, 4; *see also id.* at 10 (requesting that the court "grant his claims under the

22  Application For Protective Order to amend, and Stay and Abey his Four Newly Discovered

23  Claims.").  Since petitioner purports to show good cause, and requests that the court hold his

24  "amended petition"(containing both exhausted and unexhausted claims) in abeyance, it appears

25  that he seeks a stay pursuant to *Rhines*.  *See King*, 564 F.3d at 1135 (unlike *Kelly*, *Rhines*

26  requires a showing of good cause and only applies to mixed petitions, not fully exhausted

2

1   petitions).  Assuming the court granted petitioner leave to amend his petition to add his five

2   unexhausted claims, the instant petition would be mixed, and the *Rhines* stay and abeyance

3   procedure would apply.  However, amendment would be futile for such a purpose because

4   petitioner fails to establish the good cause required by *Rhines*.[2]

5          Petitioner's unexhausted claims consist of the following: (1) "the court abused its power

6   and discretion by imposing a draconian restitution fine of $10,000;" (2) the court failed "to

7   instruct the jury that intoxication could negate [] specific intent;" (3) petitioner's confession was

8   involuntary "because petitioner was under the influence of alcohol;" (4) the court erred by

9   "imposing a life sentence" and "violated his right to [a] jury trial;" and (5) ineffective assistance

10  of trial and appellate counsel for waiving claims one through four, listed above.  Mot. at 3.

11  According to petitioner, "good cause" exists to stay his petition because from May 26, 2006

12  through October 14, 2007, he had problems accessing the law library due to prison lockdowns.

13  Mot. at 2.  On October 15, 2007, petitioner was transferred to his current institution, where he

14  has been attending the law library diligently.  *Id.*  Petitioner asserts that he only discovered his

15  new claims through his legal research at his current institution and after "shar[ing] that

16  information with other inmates."  *Id.* at 4.  Petitioner also points out that he only has a junior

17  high school education, that his first language is Spanish, and that he did not have the money or

18  resources to hire an attorney.  *Id.* at 5, 6.

19         Petitioner has not shown good cause to justify a stay.  Petitioner fails to explain why he

20  could not have discovered and exhausted theses new claims over five years ago when he

21  presented the four claims raised in the instant petition to the state courts.  The factual predicate

22  of these claims should have been known to petitioner at the time of trial and sentencing, over

23  eight years ago, and petitioner fails to specify why he needed library access in order to discover

24  them.  *See* Pet. at 2.  Moreover, the petition has now been fully briefed for over two-and-a-half

25

26         [2] Furthermore, as explained below, the unexhausted claims are barred by the statute of
    limitations.

3

1    years and a stay at this point would frustrate the objectives of encouraging finality and

2    streamlining federal habeas proceedings.  *See Rhines*, 544 U.S. at 277.  Aside from petitioner's

3    ignorance of the law, there is simply no explanation for why petitioner failed to present these

4    claims earlier.  Moreover, ignorance of the law does not establish good cause for failure to

5    exhaust.  *See Mora v. McDonald*, 2009 U.S. Dist. LEXIS 62123, at *13 (C.D. Cal. June 23,

6    2009); *see also Barno v. Hernandez*, 2009 U.S. Dist. LEXIS 69841, at *6-7 (S.D. Cal. Apr. 17,

7    2009) (limited library access, and lack of legal knowledge and literacy do not establish good

8    cause under *Rhines*); *Pressly v. Haws*, 2009 U.S. Dist. LEXIS 23864, at *12 (S.D. Cal. Mar. 23,

9    2009) ("To grant Petitioner's motion for stay and abeyance because he lacks knowledge of 'legal

10   matters or the science of law' would allow virtually any habeas petitioner to subvert the Supreme

11   Court's holding in *Rhines* and its instruction that district courts should only stay petitions in

12   'limited circumstances.'"); *Hernandez v. Sullivan*, 397 F. Supp.2d 1205, 1207 (C.D. Cal. 2005)

13   (denying stay where petitioner could not show that his failure to exhaust his claims resulted from

14   "any external objective factor that [could not] fairly be attributed to him.").

15           Petitioner appears to claim that his unexhausted claims are timely.  *See* Mot. at 5-10

16   (discussing equitable tolling of the one-year statute of limitations and actual innocence).  This

17   court previously determined that, with statutory and equitable tolling, the statute of limitations in

18   this action ended on September 29, 2005.  *See* Dckt. No. 18 at 5, 6.  While no further grounds

19   exist for statutory tolling, petitioner suggests that he is entitled to equitable tolling from May 26,

20   2006 through July 2009.  Mot. at 2, 5.  Even assuming petitioner presented facts sufficient to

21   justify equitable tolling for this period, which he has not, it would make no difference here.  His

22   equitable tolling argument applies to a period of time beginning almost seven months after the

23   statute of limitations ended.  Once the limitations period ended, it could not be revived, and

24   petitioner's equitable tolling arguments are therefore, inapplicable.[3]  *See* Mot. at 5-7.  Finally,

25

26           [3] Petitioner claims he "can make a substantial showing of factual innocence."  Mot. at 7-
     10.  To the extent petitioner intends to circumvent the statute of limitations bar by claiming he

petitioner has not shown that the unexhausted claims share a "common core of operative facts" and therefore relate back to the claims in the pending petition.[4] *See Mayle v. Felix*, 545 U.S. 644, 659 (2005).  A new claim does not "relate back" to the filing of an exhausted petition simply because it arises from "the same trial, conviction, or sentence."  *Id.* at 662-64.  Petitioner's new claims are unexhausted and untimely, and petitioner has not shown good cause to stay the petition.

Accordingly, it is hereby RECOMMENDED that petitioner's August 20, 2009 motion to stay be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 21 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 8, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

meets the standard for the "actual innocence" gateway articulated by *Schlup v. Delo*, 513 U.S. 298 (1995), he fails to do so.  As a threshold matter, neither the Supreme Court nor the Ninth Circuit has decided whether there is an actual innocence exception to a violation of § 2244(d)'s limitations period.  *See Majoy v. Roe*, 296 F.3d 770, 775-76 (9th Cir. 2002).  Even if there is, petitioner's conclusory argument in this regard falls far short of the standard for actual innocence, as petitioner does not present any evidence showing he is innocent.

[4] One of petitioner's unexhausted claims is ineffective assistance of counsel, but it rests on grounds completely unrelated to the ineffective assistance of counsel claim raised in the pending petition.